## JOSEPH CROCKET v. SIMON JOHNSON.

Court of Common Pleas. April, 1798.

*Wilson's Red Book, 199.*

*Ridgely* for defendant. *Vining* and *Wilson* for plaintiff.

Case. The bond was given for cash lent. The sum in the bond is £70 on the day of signing, of which only £50 was paid; at a day afterwards the other £20 was paid defendant by plaintiff, at which time defendant took the £20 and said plaintiff had been a friend to him in distress and had lent him money, and he then gave him back the £20 as a free donation. That defendant had been convicted in the Sessions and discharged by that money. And that often afterwards he had confessed he had received £50 at one time and £20 at another, that on his settlement with Stanborough he had left £70 in his hands to pay this debt, that Stanborough was to pay it and all the costs, and that it was nothing to him whether he gained in this motion or lost.

*Ridgely.* The same construction will obtain as to our Act, 1 Body Laws 63, as has upon the Statute of Usury, which has been most strongly for the suppressing of usury, 6 Com.Dig. 480. The subsequent payment of the £20 was only a colorable pretense to

avoid the Act, so colorable words or a colorable contingency will not take it out of the Statute, 6 Com.Dig. 481. The courts have always supported the spirit of these statutes, however disguised the agreement, and held it void. 1 Esp.N.P. 176.

*Vining* and *Wilson.* The words of the Act, 1 Body Laws 63, are, as far as they go, *mutatis mutandis,* the same with the Statute 12 Anne, c. 16, but the statute goes on to declare all such contracts void, which words are omitted in the Act, which does not in any part of it avoid the instrument or contract, but only makes the party liable to a forfeiture equal to the money, etc. But this contract is not usurious, for the bond was executed with a view to the full consideration of £70. A *bona fide* contract shall not be avoided by any subsequent usurious agreement, Cro.Eliz. 20. If this contract shall be contaminated by the subsequent donation, even supposing it suspicious and like an unlawful payment for loan, then this rule which is of ancient standing will be overthrown. The case last cited is given in 1 Esp.N.P. 175 still as law, when it is said "that a subsequent agreement reserving more than legal interest on the first contract shall not avoid it, though the last agreement is void under the Statute." In page 177, the possibility of receiving more than legal interest should appear on the face of the contract. There is no reason for opening the judgment, both because the bond can never be avoided and because it appears that Mr. Stanborough is to have the benefit; whereas an action will lie for the £20 which has been paid without consideration by defendant to plaintiff, and success in this motion will prevent such remedy and place the profits to a stranger's advantage.

PER CURIAM. BASSETT, C. J. The law has considerably changed on this subject. Even where a man has entered into a judgment bond, and it is in the other man's pocket, the court have arrested it there, Doug. 186. In 2 Bl.R. it is said that a contract to pay money in advance has been held usurious. This execution must be set aside, and judgment opened for trial, they to stand as a security.

JOHNS, J. I doubt whether the instrument can be void by our Act of Assembly.

[NOTE.] I suppose JOHNS, J., was against opening the judgment as he thought the bond not void. The doctrine cited from Doug. I find at page 196, third edition.